IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                    )    Chapter 11
                                          )
Eigen, Inc.,[1]                           )    Case No. 10-11061 (___)
                                          )
            Debtor.                       )
_____ )

## MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) APPROVING DEBTOR'S ADEQUATE ASSURANCE OF PAYMENT TO UTILITIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT, AND (III) SCHEDULING A HEARING WITH RESPECT TO CONTESTED ADEQUATE ASSURANCE OF PAYMENT REQUESTS

Eigen, Inc. ("**Eigen**" or the "**Debtor**"), as the debtor and debtor in possession in the

above-captioned case, hereby files its Motion for Entry of an Order (i) Approving Debtor's

Adequate Assurance of Payment to Utilities, (ii) Establishing Procedures for Resolving Requests

by Utility Companies for Additional Assurance of Payment, and (iii) Scheduling a Hearing with

Respect to Contested Adequate Assurance of Payment Requests (the "**Motion**"). In support of

this Motion, the Debtor has filed the Declaration of Richard Edick in Support of Chapter 11

Petitions and First Day Pleadings (the "**Edick Declaration**"). In further support hereof, the

Debtor respectfully states:

---

[1] The Debtor in this chapter 11 case is Eigen, Inc. The last four digits of the Debtor's federal tax identification number is (1907). The location of the Debtor's corporate headquarters is 13366 Grass Valley Avenue, Suite A, Grass Valley, CA 95945.

# I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Case and this Motion is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a) and 366 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), as well as Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

# II.
## BACKGROUND

3.      On the date hereof (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**") commencing the above-captioned chapter 11 case (the "**Case**"). The factual background regarding the Debtor, including its business operations, its capital and debt structure, and the events leading to the filing of the Case, is set forth in detail in the Edick Declaration, filed concurrently herewith and fully incorporated by reference.[2]

4.      The Debtor continues in possession of its properties and continues to operate and maintain its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No trustee or examiner has been appointed in the Case, and no committees have yet been appointed or designated.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Edick Declaration.

2

## III.
## RELIEF REQUESTED

6.     By this Motion, the Debtor seeks entry of an order (the "**Order**") granting the

following relief:

> (a)     approving the following as "adequate assurance of payment" under
> sections 366(b) and 366(c)(1)(A) of the Bankruptcy Code for all Utility
> Companies (as defined herein): the Debtor's establishment of a segregated
> deposit account funded in the amount of $2,850.02 to be administered in
> accordance with the Order (the "**Utility Deposit Account**");

> (b)     approving the Additional Adequate Assurance Procedures set forth below
> as the method for resolving disputes regarding adequate assurance of
> payment; and

> (c)     scheduling a hearing, to be held on or before the day that is thirty (30)
> days after the Petition Date, on any Additional Adequate Assurance
> Requests (as defined below) that are disputed by the Debtor.

## IV.
## BASIS FOR RELIEF REQUESTED

### A.     Utility Services.

7.     In connection with the operation of its business and the management of its

property, the Debtor receives utility service from various utility companies and other providers

(the "**Utility Companies**"), including providers of electricity, natural gas, water, telephone,

internet and cable service, and waste management services (collectively, the "**Utility Services**"),

covering a number of utility accounts. The Debtor's aggregate average monthly cost for Utility

Services is approximately $5,700.04. The Debtor has identified, to the best of its ability, the

Utility Companies on the list attached as Exhibit 1 to the proposed order attached hereto as

Exhibit A.

8.     As of the Petition Date and as qualified below, the Debtor is generally current on

payments to the Utility Companies for the Utility Services. Overall, the Debtor has an

established payment history with most of the Utility Companies indicating consistent payment

for services. As of the Petition Date, however, the Debtor may have had (a) prepetition accounts payable to certain Utility Companies, (b) outstanding checks issued to certain Utility Companies in payment for prepetition charges for utility services that had not cleared the Debtor's bank account prior to the Petition Date, or (c) liabilities for prepetition Utility Services for which the Debtor had not yet been billed.

9.      Access to the Utility Services is critical to the Debtor's ongoing operations. Should any Utility Company refuse or discontinue a utility service even for a brief period of time, the Debtor's operations and administrative functions would be severely disrupted.  Any such disruption would diminish the value of the Debtor's estate.  In this regard, it is in the best interest of the Debtor, its estate and its creditors to maintain continuous and uninterrupted Utility Services during the Case.

10.      The Debtor seeks the relief requested in this Motion in order to preserve the protections that Utility Companies have under the Bankruptcy Code, while affording the Debtor an opportunity to provide and negotiate adequate protection without facing the threat of imminent termination of Utility Services.  In particular, the Debtor requests approval of certain procedures that balance the protections afforded the Utility Companies under Bankruptcy Code section 366 of the Bankruptcy Code and the Debtor's need for continuous and uninterrupted Utility Services.[1]

**B.      The Proposed Adequate Assurance.**

11.      The Debtor fully intends to pay all post-petition obligations owed to the Utility Companies in a timely manner.  Moreover, the Debtor expects that borrowings under its proposed post-petition credit facility will be sufficient to pay such post-petition utility

---

[1] Nothing in this Motion should be construed as an assumption or adoption of any agreement or contract between the Debtor and a Utility Company under section 365 of the Bankruptcy Code.

obligations.

12.     Additionally, even though the Debtor maintains that the borrowings available under its proposed post-petition credit facility are sufficient adequate assurance of payment, the Debtor proposes, as "adequate assurance of payment" for the Utility Companies, establishing the Utility Deposit Account, in accordance with the terms and conditions of the Debtor's proposed post-petition credit facility, in the amount of $2,850.02 which amount is equal to the charges incurred by the Debtor for approximately 2 weeks of Utility Service from all of the Utility Companies.

13.     Specifically, the Debtor proposes to establish the Utility Deposit Account by establishing a segregated deposit account funded in the amount of $2,850.02 to be administered in accordance with the Order. The Utility Deposit Account will serve as a cash security deposit to provide adequate assurance of payment for post-petition Utility Services.

C.     **The Additional Adequate Assurance Request Procedures.**[2]

14.     The Debtor submits that the Utility Deposit Account, in conjunction with the Debtor's ability to pay timely for future utility services in the ordinary course of business (collectively, the **"Proposed Adequate Assurance"**), constitutes sufficient adequate assurance of payment to the Utility Companies. Nonetheless, the Debtor anticipates that certain Utility Companies may not find the Proposed Adequate Assurance "satisfactory" and, thus, may request additional adequate assurance of payment pursuant to section 366(c)(2) of the Bankruptcy Code. Accordingly, the Debtor proposes that such requests be addressed through the following procedures (the **"Additional Adequate Assurance Procedures"**):

---

[2] This section of the Motion is intended as a summary of the procedures set forth in the Order and is qualified in its entirety by the Order. In the event there is a discrepancy between the procedures in the Motion and those in the Order, the Order shall control in all respects. Parties are strongly encouraged to refer to the Order.

(a)     Except as provided by the Additional Adequate Assurance Procedures, the Utility Companies are forbidden from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or requiring additional adequate assurance of payment other than the Utility Deposit Account.

(b)     The Debtor will serve this Motion and a copy of the Order on the Utility Companies within three (3) business days after entry of the Order granting the relief requested herein.

(c)     In the event that a Utility Company maintains that the Utility Deposit Account is not satisfactory adequate assurance of payment as contemplated by section 366(c)(2) of the Bankruptcy Code, the Utility Company must serve a request (an "**Additional Adequate Assurance Request**") for adequate assurance in addition to or in lieu of its rights in the Utility Deposit Account so that it is received by the Debtor and its counsel no later than five (5) business days prior to the Determination Hearing (as defined below) (the "**Additional Adequate Assurance Request Deadline**").

(d)     Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected amount(s), including any security deposits or other prepayments or assurance previously provided by the Debtor, (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, and (v) set forth a fax and electronic mail address to which the Debtor may respond to the Additional Adequate Assurance Request.

(e)     Upon the Debtor's receipt of an Additional Adequate Assurance Request, the Debtor will either (i) advise the Utility Company in writing on or before a day that is no less than three (3) business days prior to the Determination Hearing (as defined below) that the Additional Adequate Assurance Request is acceptable, (ii) consensually resolve the Additional Adequate Assurance Request with the Utility Company prior to the hearing, or (iii) contest the Utility Company's request pursuant to section 366(c)(3) of the Bankruptcy Code at a hearing (the "**Determination Hearing**") to be held on or before the day that is thirty (30) days after the Petition Date, or such other date as the Debtor and the Utility Company may agree.

(f)     If the Debtor agrees that the Additional Adequate Assurance Request is acceptable or the Debtor and the Utility Company consensually resolve the Additional Adequate Assurance Request before the hearing, the Debtor may remove the Utility Company from Exhibit 1 to the Order and the amount in the Utility Deposit Account shall be reduced by the amount corresponding to the two week average ascribed by the Debtor to the

4

services such entity provided to the Debtor prior to the Petition Date. The Debtor and the Utility Company may also consensually agree to alter the amount in the Utility Deposit Account based on an agreed recalculation of the amount of applicable utility service to be provided by the Utility Company on a going forward basis.

(g)     The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Utility Deposit Account and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to section 366(c)(3)(A) of the Bankruptcy Code.[3]

15.     The Debtor further requests that the Order establish that any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of section 366(c)(2) of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtor's Case, except as provided in sections 366(b) or 366(c)(3) of the Bankruptcy Code, as applicable.

16.     To the extent that the Debtor subsequently identifies additional providers of Utility Services or determines that an entity was improperly included as a Utility Company, the Debtor seeks authority, in its sole discretion and without further order of Court, to amend Exhibit 1 attached to the proposed order to add or delete any Utility Company. The Debtor proposes to have the terms of the proposed order attached hereto apply to any such subsequently identified Utility Company. Moreover, for those Utility Companies that are subsequently added to Exhibit 1, the Debtor will serve a copy of this Motion and the Order entered with respect to the Motion on such Utility Company, along with an amended Exhibit 1 (the "**Subsequent Service**"). Such subsequently added entities shall have twenty (20) days from the Subsequent Service to make an

5

Additional Adequate Assurance Request. For any entity that is removed from Exhibit 1, the Debtor shall serve that entity with notice of removal and such entity shall have twenty (20) days from the date of service of such notice to object to that removal.

17.    All Utility Companies, including subsequently added Utility Companies, shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtor absent further order of this Court, in accordance with section 366(a) of the Bankruptcy Code.

18.    The Debtor maintains that the relief requested herein strikes a fair balance between the rights of Utility Companies and the rights of the Debtor under the Bankruptcy Code and the need, for the benefit of the Debtor and its estate, for the Debtor to continue to receive the Utility Services upon which its business depends. The Debtor believes that the establishment of the Utility Deposit Account, the uninterrupted continuation of the Utility Services, and the approval of the Additional Adequate Assurance Procedures will not prejudice the Utility Companies.

## V.
## ARGUMENT

### A.    The Utility Deposit Account Provides Utilities With Adequate Assurance Of Payment.

19.    Section 366(a) of the Bankruptcy Code provides:

Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

Section 366(b) goes on to provide, however, that:

---

[3] Debtor reserves its right to challenge any claim filed by a Utility Company on any basis, including, without limitation, that such Utility Company received benefits on account of inclusion as a Utility Company on Exhibit 1 to the Order.

Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.

11 U.S.C. § 366(b).

20.     The policy underlying section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for post-petition services. See H.R. Rep. No. 95-595, at 350 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6306.  The relief requested in this Motion furthers this policy.

21.     Specifically, under section 366(b) of the Bankruptcy Code, a debtor must furnish what it considers to be adequate assurance of payment within twenty (20) days after the entry of the order for relief in the form of a deposit or other security for post-petition service. Here, the Debtor will provide the Utility Companies with the Utility Deposit Account, which the Debtor believes provides all Utility Companies with adequate assurance of payment. See 11 U.S.C. § 366(c)(1)(A) (defining "assurance of payment" to include a cash deposit, a letter of credit, a surety bond, or "another form of security that is mutually agreed on between the utility and the debtor").

22.     The Utility Deposit Account is the equivalent of a cash deposit or letter of credit. Accordingly, the establishment of the Utility Deposit Account constitutes adequate assurance of payment in accordance with the requirements of section 366(b) of the Bankruptcy Code.

**B.      The Additional Adequate Assurance Procedures Properly Balance The Interests Of The Utility Companies And Those Of The Debtor And Its Estate.**

23.     As part of the Bankruptcy Abuse and Consumer Protection Act of 2005, Congress enacted section 366(c) of the Bankruptcy Code.  Pursuant to section 366(c)(2), a utility is

7

permitted to alter, refuse, or discontinue utility service, if the utility does not receive "during the 30-day period beginning on the date of the filing of the petition . . . adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2) (emphasis added). Conceivably, under section 366(c)(2), the Debtor could receive a demand from a Utility Company at the end of such thirty day period and be compelled to accede to the demand immediately or face termination of critical Utility Services. Therefore, as set forth below, in order to avoid such a drastic result, the Debtor seeks to require Utility Companies to provide notice of their demands for assurance on or before the Adequate Assurance Request Deadline, with a final hearing on disputed requests prior to expiration of the thirty (30) day period in which the Debtor must provide adequate assurance of payment or force termination of utility services.

24.     Specifically, under the Additional Adequate Assurance Procedures, a Utility Company may make an additional Adequate Assurance Request on or before the Additional Adequate Assurance Request Deadline. In the event that such a request is made, the Debtor will advise the Utility Company on or before the day that is no less than three (3) business days prior to the Determination Hearing that the Additional Adequate Assurance Request is acceptable or that the Debtor intends to contest such Additional Adequate Assurance Request under section 366(c)(3) of the Bankruptcy Code at the Determination Hearing. Under these procedures, the Debtor will have the opportunity to seek an order from the Court modifying any Additional Adequate Assurance Request without having to first satisfy the demands of the Utility Company and without facing the prospect of termination of Utility Services prior to a hearing on the Additional Adequate Assurance Request.

25.     By establishing the Additional Adequate Assurance Procedures, the Debtor seeks to implement an orderly process to determine the amount of assurance of payment that is

8

adequate. Without the Additional Adequate Assurance Procedures, the Debtor could be forced to address numerous requests by Utility Companies in an unorganized manner at a critical period in its efforts to reorganize. The orderly process contemplated by the Additional Adequate Assurance Procedures, therefore, is necessary for a smooth transition by the Debtor into chapter 11.

26.     Moreover, the Additional Adequate Assurance Procedures will ensure that all parties act in good faith by establishing a fair process. This will protect the Debtor and its stakeholders from an attempt by a Utility Company to delay a request until the last minute in an effort to force the Debtor to agree to its request or face cessation of essential services.

27.     The relief herein is fully consistent with the rights of the Utility Companies under the Bankruptcy Code. First, the Utility Deposit Account is one of the acceptable forms of adequate protection set forth in sections 366(b) and (c)(1) of the Bankruptcy Code. Accordingly, the Debtor is not seeking to bypass the limits on forms of security imposed by the Bankruptcy Code.

28.     Second, if this Court determines that the Proposed Adequate Assurance constitutes sufficient adequate assurance under section 366(b) of the Bankruptcy Code, the Utility Companies may still request modification of such adequate assurance upon notice and a hearing as permitted by this section of the Bankruptcy Code.

29.     Third, the Utility Companies may also exercise their rights under section 366(c)(2) of the Bankruptcy Code, in accordance with the Additional Adequate Assurance Request Procedures.

30.     This Court and other courts subsequent to the 2005 amendments have granted similar relief to the relief requested herein. See In re NV Broadcasting, LLC, No. 09-12347 (KG)

9

(Bankr. D. Del. July 13, 2009) (deposit account covering approximately two weeks of utility service and similar procedures); In re Sun-Times Media Group, Inc., No. 09-11092 (CSS) (Bankr. D. Del. Apr. 1, 2009) (same); In re Muzak Holdings LLC, No. 09-10422 (KJC) (Bankr. D. Del. Feb. 12, 2009) (same); In re G.I. Joe's Holding Corp., Case No. 09-10713 (KG) (Bankr. D. Del. March 6, 2009) (same); In re Mervyn's Holdings, LLC, Case No. 08-11586 (KG) (Bankr. D. Del. July 30, 2008) (deposit account covering approximately one-half of monthly utility service and similar procedures); In re Pappas Telecasting Inc., Case No. 08-10916 (PJW) (Bankr. D. Del. May 13, 2008) (same). The Debtor respectfully submits that such relief should be granted here.

## C.   Reservation of Rights.

31.    The Utility Companies known and identified by the Debtor to date are listed on Exhibit 1 attached to the proposed order. While the Debtor has used its best efforts to list all of its Utility Companies in Exhibit 1, it is possible that certain Utility Companies may have been inadvertently omitted from this list. Accordingly, the Debtor reserves the right, under the terms and conditions of the proposed order and without further order of the Court, to amend Exhibit 1 to the Order to add any Utility Companies that were omitted therefrom and to request that the relief requested herein apply to all such entities as well. In addition, the Debtor reserves the right to argue that any of the entities now or hereafter listed in Exhibit 1 are not "utilities" within the meaning of section 366(a) of the Bankruptcy Code. Lastly, the Debtor reserves the right, without further order of the Court, to remove any Utility Company from Exhibit 1 to the Order (and reduce the amount in the Utility Deposit Account by the corresponding amount) if, for any reason, it is later determined that the company is not a Utility Company or was erroneously placed on the list in the first instance.

10

## VI.
## NOTICE

32.     Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtor's twenty largest unsecured creditors; (iii) counsel to the pre- and post-petition lender; and (iv) all affected parties.  Notice of this Motion will be served in accordance with Local Bankruptcy Rule 9013-1(m).  In light of the nature of the relief requested, the Debtor submits that no further notice is necessary.

## VII.
## NO PRIOR REQUEST

33.     The Debtor has made no previous request to this or any other court for the relief sought herein.

WHEREFORE, the Debtor respectfully requests that the Court: (i) enter an order, in substantially the same form as that attached hereto, granting the relief requested herein; and (ii) provide such other relief as the Court deems appropriate and just.

Dated: March 30, 2010
     Wilmington, Delaware

POLSINELLI SHUGHART PC

By: _____

Christopher A. Ward (Del. Bar No. 3877)
Justin K. Edelson (Del. Bar No. 5002)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
(302) 252-0920 (Telephone)
(302) 252-0921 (Facsimile)
cward@polsinelli.com
jedelson@polsinelli.com
skatona@polsinelli.com


PROPOSED COUNSEL TO DEBTOR AND
DEBTOR IN POSSESSION

11

1833342.2

# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Eigen, Inc.,[1] | ) | Case No. 10-11061 (___) |
|  | ) |  |
| Debtor. | ) | Re: Docket No. __ |
|  | ) |  |

### ORDER APPROVING MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) APPROVING DEBTOR'S ADEQUATE ASSURANCE OF PAYMENT TO UTILITIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT, AND (III) SCHEDULING A HEARING WITH RESPECT TO CONTESTED ADEQUATE ASSURANCE OF PAYMENT REQUESTS

Upon the Motion of Debtor for Entry of an Order (i) Approving Debtor's Adequate Assurance of Payment to Utilities, (ii) Establishing Procedures for Resolving Requests by Utility Companies for Additional Assurance of Payment, and (iii) Scheduling a Hearing with Respect to Contested Adequate Assurance of Payment Requests;[2] and upon consideration of the Edick Declaration; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted.

---

[1] The Debtor in this chapter 11 case is Eigen, Inc. The last four digits of the Debtor's federal tax identification number is (1907). The location of the Debtor's corporate headquarters is 13366 Grass Valley Avenue, Suite A, Grass Valley, CA 95945.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

12

1833342.2

2.      Within 10 days of the entry of this Order, the Debtor shall establish a segregated deposit account funded in the amount of $2,850.02 (the "**Utility Deposit Account**") to be administered in accordance with this Order (the "**Order**"), as adequate assurance of payment, under section 366(b) of the Bankruptcy Code, of charges incurred by the Debtor for Utility Services provided by the Utility Companies after the Petition Date, subject to the Debtor's rights to decrease the funds reserved in the Utility Deposit Account in accordance with this Order or to otherwise seek authority from the Court to decrease the funds reserved in the Utility Deposit Account. So long as the Utility Deposit Account is funded in an amount not less than $2,850.02 (or a lower amount as permitted by this Order or any subsequent Order of the Court), the Debtor shall be deemed to have furnished all Utility Companies listed on Exhibit 1 to this Order, and also including Utility Companies subsequently added to Exhibit 1, with adequate assurance of payment under section 366(b) of the Bankruptcy Code. In the event that the Debtor is unable to fund the Utility Deposit Account in the amount of $2,850.02, the Debtor shall provide notice to the United States Trustee and any statutory committee appointed in this case.

3.      The Additional Adequate Assurance Procedures are hereby approved as follows:

(a)      Except as provided by the Additional Adequate Assurance Procedures, the Utility Companies are forbidden from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or requiring any additional adequate assurance of payment from the Debtor other than the Utility Deposit Account.

(b)      The Debtor will serve this Motion and a copy of the Order on the Utility Companies within three (3) business days after entry of the Order granting the relief requested herein.

(c)      In the event that a Utility Company maintains that the Utility Deposit Account is not satisfactory adequate assurance of payment as contemplated by section 366(c)(2) of the Bankruptcy Code, the Utility Company must serve a request (an "**Additional Adequate Assurance Request**") for adequate assurance in addition to or in lieu of its rights in the Utility Deposit Account so that it is received by the Debtor and its counsel no later than five (5) business days prior to the Determination

Hearing (as defined below) (the **"Additional Adequate Assurance Request Deadline"**).

(d)   Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected amount(s), including any security deposits or other prepayments or assurance previously provided by the Debtor, (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, and (v) set forth a fax and electronic mail address to which the Debtor may respond to the Additional Adequate Assurance Request.

(e)   Upon the Debtor's receipt of an Additional Adequate Assurance Request, the Debtor will either (i) advise the Utility Company in writing on or before a day that is no less than three (3) business days prior to the Determination Hearing (as defined below) that the Additional Adequate Assurance Request is acceptable, (ii) consensually resolve the Additional Adequate Assurance Request with the Utility Company prior to the hearing, or (iii) contest the Utility Company's request pursuant to section 366(c)(3) of the Bankruptcy Code at a hearing (the **"Determination Hearing"**) to be held at the next regularly scheduled omnibus hearing in this Case, or such other date as the Debtor and the Utility Company may agree.

(f)   If the Debtor agrees that the Additional Adequate Assurance Request is acceptable or the Debtor and the Utility Company consensually resolve the Additional Adequate Assurance Request before the hearing, the Debtor may remove the Utility Company from Exhibit 1 to the Order and the amount in the Utility Deposit Account shall be reduced by the amount corresponding to the two week average ascribed by the Debtor to the services such entity provided to the Debtor prior to the Petition Date. The Debtor and the Utility Company may also consensually agree to alter the amount in the Utility Deposit Account based on an agreed recalculation of the amount of applicable utility service to be provided by the Utility Company on a going forward basis.

(g)   The Determination Hearing will be an evidentiary hearing at which the Court will determine whether the Utility Deposit Account and the additional adequate assurance of payment requested by the Utility Company should be modified pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

4.   Absent further order of this Court, the Utility Companies, including any subsequently added Utility Companies, are prohibited from altering, refusing, or discontinuing service to or discriminating against the Debtor on account of unpaid pre-petition invoices or due

to the commencement of this Case, or requiring the Debtor to pay a deposit or other security in connection with the provision of post-petition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein.

5.      Any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of section 366(c)(2) of the Bankruptcy Code, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Debtor's Case, except as provided in Bankruptcy Code section 366(c)(3) of the Bankruptcy Code.

6.      The Debtor is authorized, in its sole discretion, to amend Exhibit 1 attached hereto to add or delete any entity, and this Order shall apply to any such entity that is subsequently added to Exhibit 1 hereto. For Utility Companies that are subsequently added to Exhibit 1, the Debtor shall serve a copy of this Order on such Utility Company, along with an amended Exhibit 1, and such subsequently added entities shall have twenty (20) days from service of this Order to make an Additional Adequate Assurance Request. For any entity that is removed from Exhibit 1, the Debtor shall serve notice of such entity's removal on that entity and such entity shall have twenty (20) days from service of the notice to file an objection with the Court and serve such objection on counsel to the Debtor so as to be received by such date. If an objection is not properly filed and served, the entity will be deemed removed from Exhibit 1 and will not be treated as a Utility Company for purposes of this Order. In the event an objection is properly filed and served, the Court shall schedule a hearing to consider entity's removal and objection thereto. Pending resolution of the objection, the entity shall continue to be treated as a Utility Company for purposes of this Order.

4

7.      To the extent any entity that is not listed on Exhibit 1 believes it provides the Debtor with Utility Services within the meaning of section 366 of the Bankruptcy Code, that entity must make a written request to be added to the list within 20 days of the date of this Order. Failure to make a written request within the 20 day time period bars such entity from terminating the services it provides to the Debtor pursuant to section 366 of the Bankruptcy Code.

8.      Notwithstanding anything to the contrary herein, the Debtor's right to challenge any claim on any basis, including, without limitation, claims filed by Utility Companies or entities removed or deemed removed from Exhibit 1, are preserved.

9.      The Debtor is authorized, but not directed to pay on a timely basis in accordance with its prepetition practices all undisputed invoices in respect of postpetition Utility Services rendered by the Utility Companies to the Debtor.

10.     Nothing in this Order or the Motion shall be deemed to constitute the postpetition assumption or adoption of any agreement under section 365 of the Bankruptcy Code.

11.     The Debtor is hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
            _____, 2010

                                        _____
                                        United States Bankruptcy Judge

# EXHIBIT 1

# LIST OF UTILITY COMPANIES

| Utility Company | Account Number | Utility Company Contact | Monthly Payment |
|---|---|---|---|
| AT&T | 53027412401159 | AT&T Payment Center Sacramento, CA 95887-0001 | $750.00 |
| Ferrellgas | 82680604 | Ferrellgas PO BOX 173940 Denver, CO 80217 | $1,000.00 |
| PG&E | 3876188124-2 | PG&E Box 997300 Sacramento, CA 95899-7300 | $2,700.00 |
| Suburban Propane | 1643-023656 | Suburban Propane 438 East Shaw Ave, Box 501 Fresno, CA 93710 | $1,000.00 |
| Waste Management | 361-0035273-0536-5 | Waste Management of Nevada County PO Box 78251 Phoenix, AZ 85062-8251 | $250.04 |