ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Eigen, Inc.,[1] | ) | Case No. 10-11061 (PJW) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 41** |
| | ) | |

**ORDER (A) APPROVING PROCEDURES IN CONNECTION
WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS OR
ALTERNATIVE TRANSACTION; (B) SCHEDULING RELATED AUCTION AND
HEARING TO CONSIDER APPROVAL OF SALE OR ALTERNATIVE
TRANSACTION; (C) APPROVING PROCEDURES
RELATED TO THE ASSUMPTION OF CERTAIN OF SALE
DEBTOR'S EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; (D) APPROVING THE FORM AND MANNER
OF NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF**

This matter coming before the Court on the motion of the above-captioned debtor and debtor in possession (the "**Debtor**"), for the entry of an order pursuant to sections 105(a), 363 and 365 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "**Local Rules**") for an order (i)(a) approving procedures in connection with the sale of substantially all of the Debtor's Assets or alternative transaction; (b) scheduling the related auction and hearing to consider approval of sale or alternative transaction; (c) approving procedures related to the assumption of certain of the Debtor's executory contracts and unexpired leases; (d) approving the form and manner of notice thereof; and (e) granting related relief; and (ii)(a) authorizing the sale of such Assets of the Debtor free and clear of liens, claims, encumbrances, and other

---

[1] The Debtor in this chapter 11 case is Eigen, Inc. The last four digits of the Debtor's federal tax identification number are (1907). The location of the Debtor's corporate headquarters is 13366 Grass Valley Avenue, Suite A, Grass Valley, CA 95945.

-1-

1836709.5

interests, or an alternative transaction; (b) approving the assumption and assignment of certain of the Debtor's executory contracts and unexpired leases related thereto; and (c) granting related relief (the "**Motion**");[2] the Court having reviewed the Motion and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(6); (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; and good and sufficient cause having been shown;

AND FURTHER FOUND AND DETERMINED THAT:

A. The Debtor's proposed notice of the Bidding Procedures, the Cure Procedures, the Auction and the hearing to approve any sale, or alternative transaction, which may include a capital infusion, joint venture or similar transaction (the "**Alternative Transaction**"), of the Debtor's Assets (the "**Approval Hearing**") is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

B. The Bidding Procedures substantially in the form attached hereto as <u>Exhibit A</u> are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Debtor's Assets or Alternative Transaction.

C. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

---

[2] Capitalized terms used herein shall have the meaning ascribed to them in the Motion.

D. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Bidding Procedures attached hereto as <u>Exhibit A</u> are APPROVED.

3. The Bid Deadline shall be set for **June 22, 2010, at 5:00 p.m.** (prevailing Eastern Time).

4. The Debtor, in consultation with the Committee, shall have the exclusive right to determine whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been recognized as such prior to the Auction.[3]

5. The Auction, if necessary, shall be held on **June 23, 2010** beginning at 10:00 a.m. (prevailing Eastern Time), at the offices of POLSINELLI SHUGHART PC, 222 Delaware Avenue, Suite 1101, Wilmington, DE 19801, or at such other place, date and time as may be designated in writing by the Debtor and served on Qualified Bidders via electronic mail.

6. At such Auction, each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale or Alternative Transaction and the Auction shall be open to all creditors, conducted openly and transcribed.

7. The Debtor, in consultation with the Committee, shall determine which offer is the highest and best offer for the Debtor's assets.

8. The form of the Asset Purchase Agreement substantially attached hereto as <u>Exhibit B</u> is approved and shall be the form of any such agreement utilized in connection with

---

[3] All rights granted in favor of the Debtor in these Bidding Procedures shall be exercised in accordance with its fiduciary obligations.

the Sale of the Asset and all other transactions in connection therewith, but not for an Alternative Transaction, which shall be subject to a separate definitive agreement.

9. The Approval Hearing shall be held on **June 28, 2010 at 9:30 a.m.** (prevailing Eastern Time) before this Court, the U.S. Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, 6th Floor, Courtroom 2. The deadline to object to the Sale or Alternative Transaction is **June 25, 2010 at 4:00 p.m.** (prevailing Eastern Time).

10. The Approval Hearing may be adjourned from time-to-time without further notice to creditors or parties-in-interest other than by announcement of the adjournment in open court on the date scheduled for the Approval Hearing or on the agenda for such Approval Hearing, and the Debtor shall have the exclusive right, in the exercise of its fiduciary obligations and business judgment, to cancel the Sale at anytime.

11. The following forms of notice are approved: (a) Notice of Procedures, Auction Date, and Approval Hearing, in the form substantially similar to that attached hereto as Exhibit C (the "**Procedures Notice**") and (b) the Notice to Counterparties to Executory Contracts and Unexpired Leases of the Debtor That May be Assumed and Assigned (the "**Cure Notice**"), in the form substantially similar to that attached hereto as Exhibit D.

12. The Debtor will serve a copy of the Procedures Notice together with the Bidding Procedures Order, when entered, on the following parties: (a) the U.S. Trustee, (b) counsel to the Lender, (c) counsel to the Official Committee of Unsecured Creditors appointed in this Case, (d) any parties requesting notices in this Case pursuant to Bankruptcy Rule 2002, (e) all creditors or their counsel known to the Debtor to assert a lien (including a security interest), claim, right, interest or encumbrance of record against all or any portion of the Assets, and (f) all parties who have expressed an interest in purchasing the Assets or submitted

alternative documentation regarding an Alternative Transaction (the "**Potential Bidders**") (collectively, the "**Notice Parties**").

13. The Debtor shall serve the Procedures Notice within three (3) business days following entry of this Order, by first-class mail, postage prepaid as set forth above.

14. The Debtor will serve the Motion and the Cure Notice upon each counterparty to the Assumed Executory Contracts, and their counsel (if known), by no later than **May 14, 2010**. The Cure Notice will state the date, time and place of the Approval Hearing as well as the date by which any objection to the assumption and assignment of Assumed Executory Contracts must be filed and served. The Cure Notice also will identify the amounts, if any, that the Debtor believes are owed to each counterparty to an Assumed Executory Contract in order to cure any defaults that exist under such contract (the "**Cure Amounts**"). The Debtor also will serve upon all Notice Parties a complete list of Assumed Executory Contracts as set forth in the Asset Purchase Agreement and the corresponding Cure Amounts by no later than **May 28, 2010**. If a Contract or Lease is assumed and assigned pursuant to Court Order, then unless the Assumed Executory Contract counterparty properly files and serves a timely objection to the Cure Amount contained in the Cure Notice on or before **June 1, 2010 at 4:00 p.m.** (prevailing Eastern Time), the Assumed Executory Contract counterparty will receive no later than one business day following the Closing of the Sale, the Cure Amount as set forth in the Cure Notice, if any, with payment to be made pursuant to the terms of the Prevailing Bidder's Modified Purchase Agreement. If an objection is filed by a counterparty to an Assumed Executory Contract with respect to the Cure Amounts, such objection must set forth a specific default in any executory contract or unexpired lease and claim a specific monetary amount that differs from the amount, if any, specified by the Debtor in the Cure Notice.

1836709.5

15. If any counterparty objects for any reason to the assumption and assignment of an Assumed Executory Contract, including, but not limited to, whether such contract may be assumed and assigned (a "**Cure Amount Objection**"), the counterparty must file the objection by no later than (i) 4:00 p.m. (prevailing Eastern Time) on **June 1, 2010** or (ii) the date otherwise specified in the Cure Notice (or, alternatively, the date set forth in the motion to assume such Assumed Executory Contract if such contract is to be assumed and assigned after the Approval Hearing), provided, however, that any counterparty may raise at the Approval Hearing an objection to the assumption and assignment of the Assumed Executory Contract solely with respect to the Prevailing Bidder's ability to provide adequate assurance of future performance under the Assumed Executory Contract. In the event that the Debtor and the non-debtor party cannot resolve the Cure Amount Objection, the Debtor may, in its sole discretion, segregate any disputed Cure Amounts pending the resolution of any such disputes by the Court or mutual agreement of the parties.

16. The Prevailing Bidder shall satisfy any requirements regarding adequate assurance of future performance that may be imposed under section 365(b) of the Bankruptcy Code in connection with the proposed assignment of any Assumed Executory Contract, and the failure to provide adequate assurance of future performance to any counterparty to any Assumed Executory Contract shall not excuse the Prevailing Bidder from performance of any and all of its obligations pursuant to the Prevailing Bidder's Modified Purchase Agreement. The Court shall make any and all determinations concerning adequate assurance of future performance under the Assumed Executory Contracts pursuant to section 365(b) of the Bankruptcy Code at the Approval Hearing. Cure Amounts disputed by any counterparty will be resolved by the Court at the Approval Hearing.

17. The Debtor shall be relieved of all liability accruing or arising after the assumption and assignment of the Assumed Executory Contracts pursuant to section 365(k) of the Bankruptcy Code.

18. Nothing in this Order, the Bidding Procedures, any of the attached forms of Notices or otherwise, shall be construed to modify, impair or adversely affect, in any way, any of the liens, claims, rights, protections and interests granted in favor of the Lender as set forth in (i) the DIP credit agreement, and (ii) the Orders entered by the Court approving the DIP credit agreement, including, without limitation, the right of the Lender to consent to any sale arising or resulting from the Bidding Procedures.

19. Nothing in this Order, the Bidding Procedures, any of the attached forms of Notices or otherwise shall be construed to modify, impair or adversely affect in any way, the rights of the Official Committee of Unsecured Creditors or any committee appointed in the Case to object to the terms of the sale that the Debtor seeks approval of at the Approval Hearing or any liens asserted against Assets.

20. The Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: April 2, 2010
Wilmington, Delaware

THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE